UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LERNER & ROWE NATIONAL, PLLC** | * | **CIVIL ACTION NO. 20-03228** |
| | * | |
| **VERSUS** | * | **JUDGE LANCE M. AFRICK (I)** |
| | * | |
| **BRANDNER LAW FIRM, LLC and** | * | **MAG. KAREN WELLS ROBY (4)** |
| **MICHAEL S. BRANDNER, JR.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MICHAEL S. BRANDNER, JR. AND BRANDNER LAW FIRM, LLC'S MEMORANDUM IN SUPPORT OF RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

**MAY IT PLEASE THE COURT:**

This memorandum is submitted by the defendants Michael S. Brandner, Jr. ("Brandner") and Brandner Law Firm, LLC ("BLF") in support of their Rule 12(c) Motion for Judgment on the Pleadings.

**SUMMARY OF ARGUMENT**

The plaintiff's First Amended Complaint, on its face, makes a number of claims that belong legally to Mike Brandner Injury Attorneys, LLC ("MBIA"). MBIA is a limited liability company whose members are the plaintiff and Brandner Law Firm, L.L.C., as alleged in paragraph 12 of the First Amended Complaint.

Under Louisiana law, an LLC member has a right to bring such claims only derivatively, on behalf of the LLC. Under Louisiana law and under Rule 19, the plaintiff must also join the LLC as a party to the action.

The problem here is that the required joinder of MBIA defeats the court's diversity jurisdiction invoked by the plaintiff when this action was filed. MBIA's citizenship for federal diversity jurisdiction purposes is determined by the citizenship of its members. MBIA's two

members are Lerner & Rowe National, PLLC, alleged by plaintiff to be a Nevada company with Florida and Arizona citizenship, and Brandner Law Firm, LLC, alleged correctly by plaintiff to be a Louisiana citizen. Therefore, the joinder of MBIA as a party defendant defeats diversity jurisdiction, because Lerner & Rowe National, PLLC's citizenship is at issue as both a plaintiff and a defendant member of MBIA. Similarly, if MBIA were aligned as a party plaintiff, diversity jurisdiction would be destroyed because a Louisiana citizen would be involved in the case as both plaintiff (MBIA, through its member, Brandner Law Firm, LLC) and defendant (Brandner, and BLF).

The failure of plaintiff to join MBIA as a party is not relevant to the court's subject matter jurisdiction inquiry. We submit that the court should conclude that MBIA's joinder was required and diversity jurisdiction was lacking when this action was commenced; that the lack of such jurisdiction cannot be cured in the circumstances present here; and that the case should therefore be dismissed in favor of an appropriate state court of general jurisdiction.

## ARGUMENT

**1.    This Rule 12(c) motion is ripe for consideration.**

A Rule 12(c) motion for judgment on the pleadings may be made after the pleadings are closed and issue has been joined. Both defendants have filed answers to the plaintiff's lawsuit.[1] In addition, F.R.C.P. 12(h)(2) provides that nonjoinder of a required party under Rule 19 can be raised in a Rule 12(c) motion, and Rule 12(g)(2) also authorizes the filing of a Rule 12(c) motion on this ground, even if prior Rule 12 motions have been filed.

This motion also necessarily implicates the court's subject matter jurisdiction under Rule 12(h)(3).

---

[1] "Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties." Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir.2009).

2. **The First Amended Complaint asserts numerous claims belonging to MBIA**.

Injuries sustained by a Louisiana corporation or limited liability company provide a right of action to the company, not to an individual shareholder or member. La. R.S. 12:1329 specifically provides that an LLC member "shall have no interest" in company property. Claims for such losses belong to the juridical entity. See, e.g., Bayou Fleet Partnership v. Clulee, 13-934 (La. App. 5th Cir. 9/11/14); 150 So.3d 329, 333-4; Van Meter v. Gutierrez, 2004-0706 (La. App. 4th Cir. 2/16/05); 897 So. 2d 781, 786.

The First Amended Complaint clearly alleges the violation of duties owed directly to, and damages sustained directly by, MBIA. Paragraph 35 alleges that Brandner "breached his fiduciary duties **to MBIA** and LRN." Paragraph 46 alleges that Brandner is wrongfully practicing law "in direct competition **to MBIA**." Paragraph 47 alleges that Brandner violated legal duties by taking litigation matters "which were the **property of MBIA** and moved them to BLF and was acquiring future cases for BLF, **not MBIA**." Paragraph 51 alleges that Brandner and BLF "breached their fiduciary duties **to MBIA** and LRN by wrongfully taking cases **belonging to MBIA** and transferring them to Brandner's own law firm, BLF, thereby **depriving MBIA of the expected profits** from these cases." Paragraph 52 alleges that Brander and BLF took "**assets of MBIA** for BLF and Brander's personal use." Paragraph 52 alleges that Brandner put his wife "on the payroll **of MBIA**" without authorization. Paragraph 59 alleges that Brandner and BLF have engaged in unfair competition "**with MBIA** and LRN by taking cases **belonging to MBIA**…" Paragraph 60 alleges that Brandner took "**MBIA cases** in order to facilitate his unfair competition scheme." (emphasis added above).

There is no need for the court to examine or analyze the cited claims to determine who the injured party is, or who has the right of action. Regardless of any direct claims the plaintiff may

3

have, there is no doubt that the First Amended Complaint also asserts MBIA's legal and property interests repeatedly, and in plain terms.

### 3. **MBIA should have been joined as a party.**

Typically, a shareholder or LLC member who is making one or more derivative claims that belong to an entity must join the entity as a defendant. Indeed, Louisiana law requires that an LLC member asserting such a derivative claim must join the LLC as a party. See La. R.S. 12:1365 and La. C.C.P. Art. 615.

Louisiana law is not unique on this point. In a case in which a company shareholder or member brings claims belonging to the company, "the corporation is a necessary party to the action; without it the case cannot proceed." Ross v. Bernhard, 396 US 531, 538 (1970). See also Knop v. Mackall, 645 F. 3d 381, 383 (D.C. Cir. 2011) (Kavanaugh, J.) ("it is undisputed that the corporation in a shareholder derivative suit is indispensable under the joinder rules").

Nor is MBIA merely a nominal party for federal diversity jurisdiction purposes. When derivative claims are made by a shareholder or member, "the limited liability company is not a nominal party" whose citizenship can be ignored. Cook v. Toidze, 950 F. Supp. 2d 386, 390 (D. Conn. 2013). The substance of the claims alleged in the plaintiff's complaint is controlling, not the plaintiff's characterization of the claims. Id. See also Gill v. Grewal, 4:14-CV-2502, 2020 WL 3171360, at 6 (SD Tex. June 15, 2020) (in assessing federal diversity jurisdiction, "the contention that a company is a nominal defendant in a derivative action is unsupported in the case law").

The fact that the plaintiff purposely chose *not* to join MBIA is not relevant. The court must consider the citizenship status of a party who *should* have been named but wasn't. A plaintiff cannot "manufacture diversity jurisdiction by failing to join a non-diverse indispensable party."

4

Bankston v. Burch, 27 F. 3d 164, 168 (5th Cir. 1994). Bankston reversed a jury award in favor of a limited partner who brought partnership mismanagement claims against a general partner, because the partnership was a required party whose joinder defeated diversity jurisdiction.

**4. MBIA's required joinder destroys diversity jurisdiction.**

We submit that MBIA was not joined as required because the addition of MBIA to this litigation (whether as a plaintiff or defendant) destroys diversity jurisdiction. If MBIA had been joined as a defendant, there would be no diversity jurisdiction.

MBIA's citizenship is tied to the citizenship of its members. Harvey v. Grey Wolf Drilling Company, 542 F.3d 1077, 1080 (5th Cir. 2008). The First Amended Complaint recites in paragraphs 2-4 that plaintiff is a Nevada entity with Florida and Arizona members, and that Brandner and BLF (through its sole member, Brandner) are Louisiana citizens. Because Lerner and Rowe, PLLC is a member of MBIA and also the plaintiff, the addition of MBIA as a defendant would destroy diversity. If MBIA had been aligned as a plaintiff, diversity would also be destroyed. Brandner Law Firm is a member of MBIA and also a defendant, as is Brandner individually. See, e.g., General Technology Applications, Inc. v. Exro Ltda, 388 F. 3d 114, 120-21 (4th Cir. 2004).

Judge Ashe recently faced a similar question in Wolf v. Bickham, 498 F. Supp. 3d 897 (E.D. La. 2020) in which one partner brought breach of fiduciary duty and other claims against another partner, alleging that the partner had caused the partnership to enter into a lease of partnership property to the defendant partner's daughter at a below market rental. The partnership entity was not joined by the plaintiff. Finding that the plaintiff was asserting claims for damages that were sustained legally by the partnership and its joinder was therefore required, the court dismissed the case for want of subject matter jurisdiction. Because both of the litigating partners were members of the partnership, its joinder as either a plaintiff or defendant would have destroyed

diversity. Judge Ashe further noted that a remedy was available to the plaintiff against all of the parties required to be joined in the state court of general jurisdiction.

Although the court recognized there were some situations in which the Fifth Circuit had declined to mandate the joinder of the entity in suits between partners, it found those cases distinguishable. Notably, Wolf resulted in a dismissal on subject matter jurisdiction grounds, even though it did not involve a Louisiana limited liability company whose joinder is affirmatively mandated by statute when claims are asserted by a member on its behalf.

It is anticipated that the plaintiff here will argue that both of the partners are before the court, and that the court can fashion some type of judgment that might avoid the necessity of joining MBIA under Rule 19. The problem with this argument is that the adjustment of the rights or liabilities of MBIA, in an action to which it is not a party, has significant potential impacts on BLF, Brandner and MBIA. The parties recognize, for example, that MBIA is an obligor on a substantial amount of bank debt as well as having had attorney/client relationships with hundreds of people. The fact that the plaintiff might stipulate that MBIA will not later assert its own claims against BLF and Brandner does not mean that a creditor, asserting an oblique action under the Louisiana Civil Code (or seizing a membership interest in MBIA), could not do so. And any award of damages to plaintiff, bypassing MBIA, prejudices BLF (a 50% owner) in addition to anyone else with claims against MBIA.

In Bartfield v. Murphy, 578 F.Supp. 2d 638, 651 (S.D.N.Y. 2008), these same principles and concerns were analyzed in the context of a similar two-person, 50/50 LLC in which one member sued the other alleging a scheme to divert business, and the disputed nonjoinder of the LLC impacted diversity jurisdiction. The court there held that it was "entirely inappropriate to determine ownership of the 'diverted business' without making [the LLC] a party," even though

6

it destroyed diversity jurisdiction. The same concerns cited in Bartfield are present here, and the same result is compelled here. There was no valid subject matter jurisdiction when the action was filed.

Hard experience informs the law's strong bias in favor of having all impacted parties involved in a transaction joined in any litigation related to that transaction, including an LLC whose rights and obligations are being litigated by its partners for their own account. More importantly, federal courts are courts of limited jurisdiction and federal subject matter jurisdiction cannot be conferred by consent.

> It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation... The parties can never consent to federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived. Fed.R.Civ.P. 12(h)(3); *See City of Indianapolis v. Chase Nat'l Bank,* 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *See, e.g. Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984); 1 J. Moore, Moore's Federal Practice § 0.71[5.–1] (1996).

Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).

There is an adequate remedy available in a state court of general jurisdiction, where MBIA can be joined as required by Louisiana law. The court should recognize the clear jurisdictional problem associated with this case and dismiss it, so that it can be fully resolved in a court with jurisdiction over all the necessary parties.

### 5. **The trademark claim also failed to join a party as required by Rule 19.**

The First Amended Complaint includes a claim for trademark infringement under 15 USC Sec. 1125. The alleged trademark cited by the plaintiff is "In a wreck? Need a check?" The plaintiff admits it doesn't own the trademark. Glen Lerner, a "member and owner" of the plaintiff, is named as the registered owner of the trademark. (First Amended Complaint, paragraph 87). There is no

7

allegation by the plaintiff that it is the assignee or licensee of the alleged trademark. Regardless, even if it was, the Fifth Circuit has held that the owner and licensor of a trademark is generally treated as a necessary or indispensable party under Rule 19:

> The licensor of a trademark that is the subject of an infringement action by a licensee falls squarely within the language and policy of [Rule 19 (a)]. As owner of the mark, the licensor has a legally protected interest in the subject matter of the action. A judgment for the alleged infringer… may prejudice the licensor's rights in his own mark. A judgment for the plaintiff-licensee could result in double obligations for the defendant, should the licensor subsequently sue on his own.

Escamilla v. M 2 Technology, Inc., 536 Fed. App. 417, 421 (5th Cir. 2013), citing Association of Co-Op Members, Inc. v. Farmland Industries, Inc., 684 F. 2d 1134, 1143 (5th Cir. 1982).

In Escamilla, the plaintiff argued that because he was the sole shareholder of the company trademark owner, his participation in the suit made the company trademark owner's joinder unnecessary. The court rejected the contention:

> …[B]ecause M2 Software and Escamilla are legally distinct persons, the requirement that M2 Software be joined is not satisfied by Escamilla's participation in the lawsuit.

Id. at 422. Because the trademark owner in Escamilla refused to join the lawsuit voluntarily, the court found that dismissal of the action pursuant to Rule 19(b) was appropriate, because "the district court could not proceed to the merits without an indispensable party." Id. at 423.

Similarly, this court should not adjudicate a trademark infringement claim without the joinder of the trademark owner as a party. See also Flu Shots of Texas, Ltd. v. Lopez, 2014 WL 1327706 (ND Tex. April 3, 2014), at 6 ("[W]hatever legal interest Plaintiff may have in [the trademark], and however those interests may fall within the protection of the Lanham Act, those interests may only be properly prosecuted upon joinder of [the trademark's] owner as a necessary and indispensable party under Fed. R. Civ. P. 19 (citations omitted)"); Marrero Enterprises of Palm Beach v. Estefan Enterprises, 2007 WL 4218990 (S.D. Fla. Nov. 29, 2007), at 2 (referencing

8

citation of "numerous cases requiring that the owner of a trademark be made a party to an infringement action").

Because plaintiff admits the trademark owner is Mr. Lerner individually and he is not a party, the trademark claim cannot proceed without his joinder and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the defendants move the court to grant their motion and find that the joinder of both MBIA and Mr. Lerner are required pursuant to Rule 19. Because the joinder of MBIA would destroy diversity jurisdiction, defendants further request that the court dismiss this matter without prejudice so that it may be refiled in a court of competent general jurisdiction.

Respectfully submitted,

**SCANDURRO & LAYRISSON, L.L.C.**

 */s/ TIMOTHY D. SCANDURRO*
TIMOTHY D. SCANDURRO, Bar #18424, T.A.
JEAN-PAUL LAYRISSON Bar #20917
KRISTA M. ELEEW Bar #34320
607 St. Charles Avenue
New Orleans, LA  70130
Telephone:     (504) 522-7100
Facsimile:      (504) 529-6199
tim@scanlayr.com
jean-paul@scanlayr.com

Todd C. Comeaux (La. Bar No. 23453)
Comeaux Law Firm
2354 S. Acadian Thruway
Suite C
Baton Rouge, LA 70808
Phone: 225-706-9000
Fax: 225-706-9001
Email: tc@comeauxlawfirm.com

Bobby J. Delise T.A. (Bar No. 4847)
Jeannette M. Delise (Bar No. 38187
Delise & Hall
5190 Canal Blvd. Ste. 103
New Orleans, LA 70124
Telephone: (504) 836-8000
Facsimile: (504) 836-8020
bdelise@dahlaw.com
jdeliselaw@gmail.com
***Attorneys for Michael S. Brandner, Jr.***

*/s/ J. KENDALL RATHBURN*
J. KENDALL RATHBURN, Bar #17763
Dwyer, Cambre & Suffern
3000 W. Esplanade Ave. Ste. 200
Metairie, LA 70002
***Attorney for Brandner Law Firm, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record via CM/ECF, this day, June 16, 2021.

/s/ Timothy D. Scandurro
Timothy D. Scandurro